UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

CHAROLETTE RENEE PHILON,   CASE NO. 04-12153-WSS

    Debtor.

---

AMERICAN MEDICAL SECURITY, INC.;
UNITED WISCONSIN LIFE INSURANCE
COMPANY; AMSOUTH BANK; MORRIS
INSURANCE SERVICES, INC.; RALPH
MORRIS; and AMERICAN MEDICAL
SECURITY LIFE INSURANCE COMPANY,

    Plaintiffs,

v.   ADV. PROC. NO. 06-01061

CHAROLETTE RENEE PHILON,

    Defendant.

**ORDER GRANTING RELIEF SOUGHT IN COMPLAINT,
DENYING PLAINTIFFS' MOTION TO STRIKE AND
OBJECTION TO LAWSUIT EXEMPTION**

Rita H. Dixon, Counsel for the Plaintiffs
A. Richard Maples, Jr., Counsel for the Defendant

This matter came before the Court on the Plaintiff's request for declaratory judgment and injunctive relief; the Plaintiffs' motion to strike Philon's amendments to schedule B and C and the Plaintiffs' objection to lawsuit exemption filed on February 15, 2006 in Philon's administrative case. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). After due consideration of the pleadings, evidence, testimony

1

and arguments of counsel, the Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

The Debtor, Charolette Philon ("Philon"), is the sole proprietor of a convenience store in Silas, Alabama. Philon has owned the store for fourteen years, and is responsible for bookkeeping, paying sales taxes and employee taxes, ordering inventory and running the store. She takes approximately $175 to $200 per week for a salary. Philon finished high school in 1983 and has an associates degree from Hobson State for medical secretarial work.

Philon filed her chapter 13 petition on April 12, 2004. Prior to filing the petition, Philon provided her bankruptcy attorney with a list of creditors. She met with her bankruptcy attorney once before filing the petition, although she spoke by telephone with her attorney and the attorney's secretary about her bankruptcy petition.[1] Philon testified that she did not think that she had a claim against the Plaintiffs when she filed her bankruptcy petition. Philon testified that she did not remember signing her bankruptcy petition or seeing the completed schedules for her bankruptcy petition. She does not remember providing the information for schedule B of her petition related to her ownership of any partnerships or joint ventures, contingent claims or any other personal property. The bankruptcy court confirmed her chapter 13 plan on May 26, 2004 with a twelve percent pay out to unsecured creditors.[2] Philon amended her plan on May 28, 2004 and June 15, 2004. The Court confirmed the amended plan on June 29, 2004.

In July 2004, three months after filing her bankruptcy petition, Philon received a notice of

---

[1]Philon has new legal counsel representing her in this adversary proceeding.

[2]The Court granted the chapter 13 trustee's motion to increase the percentage paid to unsecured creditors on April 11, 2006, and the percentage was increased to nineteen percent.

2

a class action styled *Vivian Gadson, et al. v. United Wisconsin Life Insurance Company, et al.*, CV-02-1601 ("the Gadson class action") in the Circuit Court of Montgomery County, Alabama. She testified that she took the notice to an attorney, J. Jefferson Utsey, to see if she had some sort of action. Utsey informed her that the claim might be of some value, but he did not mention a specific amount. The class action dealt with the class defendants' raising health insurance premiums to the point that policy holders were forced to terminate the insurance. Philon testified that prior to receiving the notice of the class action, she believed that the premiums were high and she had overpaid. Philon testified that she indicated that she had filed a bankruptcy petition on a questionnaire that she filled out in Utsey's office, but she did not discuss her bankruptcy with him.

On August 19, 2004, approximately four months after filing her bankruptcy petition, Philon signed an exclusion request, opting out of the Gadson class action. On October 26, 2004, a complaint was filed on Philon's behalf against the Plaintiffs in the Circuit Court of Choctaw County, Alabama, Case No. CV-2004-123 ("the state court action"). Philon did not recall signing the complaint. The complaint contains counts for misrepresentation and suppression of material facts, and alleges that the Plaintiffs failed to inform Philon that the premiums on her insurance could raised to such high levels that she would have to terminate the policy. Philon alleges that her rates were raised in 1997, in April 1998, in June 1998 and in July 1999 to such high levels that she was forced to cancel the coverage. The complaint was amended on May 6, 2005, on May 12, 2005 and on September 19, 2005.

After filing the state court action, Philon did not immediately amend her bankruptcy schedules to list the action. She testified that she did not know that she had to list the state court

3

action, and was never told to amend her schedules to include the action. Philon's deposition was taken on January 18, 2006, and the Plaintiffs in the state court action first learned that Philon had filed bankruptcy. On January 19, 2006, Philon filed amended schedules B and C, adding the state court action with a value of $2,848, and claiming the entire amount as exempt. Philon testified she did not discuss the amendments with her bankruptcy attorney or her attorney in the state court action. She did not remember signing the amendments.

The Plaintiffs filed a motion to strike Philon's amendments to schedules B and C and an objection to lawsuit exemption on February 15, 2006.[3] The above-styled adversary proceeding and the motion and objection were consolidated by the Court's order of March 20, 2006. The Chapter 13 Trustee filed a motion to join and adopt the motion to strike Philon's amendments and the objection to lawsuit exemption on May 1, 2006. The Court granted the Trustee's motion and in an order dated June 8, 2006 held: "Specifically, the Debtor's exemptions are limited to the amount set by applicable statute. Any amounts received by the Debtor or the Debtor's Estate over those amounts are property of the Estate and shall be made available to the Chapter 13 Trustee for appropriate distribution."

## CONCLUSIONS OF LAW

The Plaintiffs filed the present declaratory judgment action seeking to have Philon's state court action barred under the doctrine of judicial estoppel.[4] Judicial estoppel is an equitable

---

[3] The motion and the objection were filed as one pleading. See Docket entry #21 in Philon's administrative case.

[4] The Plaintiffs' second count seeks a final judgment declaring that Philon waived the state court claims by failing to disclose them in her bankruptcy petition. The Court will first address the judicial estoppel count because the parties focused most of their argument and attention on this count.

4

doctrine that prevents a party from "'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.'" *Barger v. City of Cartersville, GA.*, 348 F.3d 1289, 1293 (11th Cir. 2003) quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1284 (11th Cir. 2002). "The purpose of the doctrine, 'is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Burnes*, 291 F.3d at 1285, quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S.Ct. 1808, 1814, 149 L.Ed.2d 968 (2001).

Recent decisions by the Eleventh Circuit Court of Appeals identify two principal factors for establishing judicial estoppel. "First, a party's allegedly inconsistent positions must have been 'made under oath in a prior proceeding.' Second, the 'inconsistencies must be shown to have been calculated to make a mockery of the judicial system.'" *Barger*, 348 F.3d at 1293-94 (citations omitted); *Burnes*, 291 F.3d at 1285. The Eleventh Circuit recognizes "that these two enumerated factors are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of [judicial estoppel]." *Burnes*, 291 F.3d at 1286; *Barger*, 348 F.3d at 1294.

Philon contends that the first element for judicial estoppel - a prior inconsistent statement made under oath - is lacking in her case because she did not know that she had a potential claim against the Plaintiffs at the time that she gave the information for her bankruptcy schedules. In the Eleventh Circuit's recent decisions on judicial estoppel, the debtors knew about the claims at issue and had actually started proceedings to recover on their claims prior to filing bankruptcy

5

petitions or converting their cases.[5] Unlike the debtors in *Burnes*, *DeLeon*, and *Barger*, Philon maintains that she did not know about her claim against the Plaintiffs until after she filed her bankruptcy petition.

Philon refers this Court to the application of judicial estoppel in *Snowden v. Fred's Stores of Tennessee, Inc.*, 419 F. Supp.2d 1367 (M.D. Ala. 2006). The debtor in *Snowden* filed a chapter 13 petition in 2002, and began working for a retail store in 2003. She subsequently learned of a Fair Labor Standards Act ("FLSA") action against her employer from a customer (who was also an attorney), and filed a notice of consent to become a party plaintiff in the FLSA case on April 13, 2005. *Snowden*, 419 F. Supp.2d at 1369. After deposing the debtor, the FLSA claim defendant filed a motion for summary judgment against the debtor based on judicial estoppel because the debtor had failed to include the claim in her schedule of assets. *Id*. The chapter 13 trustee filed a motion to amend the debtor's schedules to include the FLSA claim. Before the summary judgment was decided, the bankruptcy court granted the bankruptcy trustee's motion to amend the debtor's schedule of assets to include the FLSA claim. *Id*. The district court denied the defendant's motion for summary judgment based on judicial estoppel. *Id*. at 1375.

The *Snowden* court began by noting that the debtors in the prior judicial estoppel cases had all "submitted bankruptcy schedules stating that they had no lawsuits or unliquidated claims *after* they had initiated suits or administrative complaints. In effect, when they told the bankruptcy court that no claims existed, they had already told another court that such claims did

---

[5]See *Snowden v. Fred's Stores of Tennessee, Inc.*, 419 F. Supp.2d 1367,1370-71 (M.D. Ala. 2006) for a summary of the fact situations of *Barger, De Leon,* and *Burnes*.

6

exist, making their statements to the bankruptcy court clearly 'false.'" *Snowden*, 419 F.Supp.2d at 1371 (emphasis in the original; citation omitted). In contrast, the *Snowden* debtor did not have a claim against her employer at the time that she filed her bankruptcy petition because she was not even working for the company when her petition was filed. The claim did not arise until 2003, a year after she filed her petition, and the debtor did not learn about the claims until 2005. Therefore, the court held that the position of the debtor in her bankruptcy proceeding was not inconsistent with her claim in the FLSA action. *Snowden*, 419 F.Supp.2d at 1372.

Philon did not learn of her prepetition cause of action against the Plaintiffs until July 2004, three months after she filed her chapter 13 petition. Philon's statement that she did not know of any potential claims or actions was true when she filed her bankruptcy petition. The Plaintiffs assert that Philon did know about her potential claim against them because she believed that she had been overcharged for her insurance. However, the Court does not equate Philon's belief that she was overcharged with knowledge of a potential claim. Like the debtor in *Snowden*, Philon did not become aware of her legal claim until she received advice from an outside source- in her case, the class action notice. Therefore, the Court finds that Philon did not make a prior inconsistent statement by failing to list her claim against the Plaintiffs in her bankruptcy schedules at the time she filed her petition.

The Plaintiffs' failure to prove a prior inconsistent statement at the time that she filed her bankruptcy case does not end this Court's task to determine whether judicial estoppel applies in this case. The Eleventh Circuit recognizes that the two factors listed above are not "inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of [judicial estoppel]". *Burnes*, 291 F.3d 1286.

7

The Supreme Court also recognizes that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle . . ." *New Hampshire*, 532 U.S. at 750-51. The focus becomes Philon's conduct after learning of her claim against the Plaintiffs in July 2004. "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change." *Burnes*, 291 F.3d at 1286. The *Snowden* court considered whether the debtor's delay in amending her schedules amounted to an intent to mislead the bankruptcy court, and found that delay in amending the schedules to include a newly discovered claim is different from an affirmative misrepresentation that a claim does not exist after learning of the claim and pursuing it. "Instead, [the debtor] merely failed to amend her schedule for four months after she learned about the claims. Judicial estoppel does not operate because a party does not move as quickly as she could have; it operates only against 'cold manipulation.'" *Snowden*, 419 F.Supp.2d at 1373 (citing *Johnson Serv. Co. v. Transamerica Ins. Co.*, 485 F.2d 164, 175 (5th Cir. 1973)).

Philon learned of her claim in July 2004, opted out of the Gadson class action in August 2004 and filed the lawsuit based on her claim in October 2004; yet she waited until January 2006 before amending her bankruptcy schedules to include the claim. She amended her schedules a day after the Plaintiffs' counsel took her deposition and realized that she had filed a chapter 13 proceeding. Philon asserts that she was not trying to conceal the claim from the bankruptcy court. According to her testimony, she did not know that she had a duty to amend her schedules because she met briefly with her bankruptcy counsel and was never told about her duty to amend. The Eleventh Circuit has found that an "inadvertent" failure to list a claim or file an amendment

8

can only occur when the debtor has no knowledge of the claim or has no motive to conceal the claim. *Burnes*, 291 F.3d at 1287. It is clear that Philon knew about her claim at least from July or August 2004 after she consulted with Utsey. She also had a motive to conceal the claim. If the chapter 13 Trustee did not know about the claim, he could not claim any proceeds from the claim as property of the estate to be used to pay off unsecured creditors. Philon could give her unsecured creditors a twelve percent pay out and retain all proceeds from the state court action against the Plaintiffs. Therefore, Philon's failure to amend her petition to include the claim is not inadvertent under the law of the Eleventh Circuit. "The court recognizes that a delay in amending bankruptcy filings can be probative of a party's intent, and a lengthy delay alone could warrant a finding that the plaintiff intended to mislead the bankruptcy court." *Snowden*, 419 F.Supp.2d at 1374.

      Philon seeks to excuse her failure to amend her schedules to include the omitted claim on the grounds that she did not know that she had a duty to amend her petition because she did not have much contact with her attorney prior to and after filing her bankruptcy petition. It is difficult for the Court gauge how much legal counsel Philon received before or after her bankruptcy filing because Philon testified that she could not remember most of the events surrounding the filing of her bankruptcy petition. She could not remember the matters she discussed with her bankruptcy attorney, or whether she signed a fee agreement with her bankruptcy attorney. She could not even remember signing her bankruptcy petition. The Court observed Philon's demeanor at trial during her testimony and did not find her credible. Assuming that Philon was not advised by her attorney that she had a duty to amend her schedules to include newly discovered claims, that fact would not excuse her failure to amend. The

9

Case 06-01061    Doc 30    Filed 09/07/06    Entered 09/07/06 12:01:05    Desc Main
Document      Page 9 of 13

Eleventh Circuit in *Barger* rejected the idea that the debtor should be excused for failing to fulfill the duty to disclose due to an attorney's failure to act. "'[The debtor] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omission of this freely selected agent.'" *Barger*, 348 F.3d at 1295 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34, 82 S.Ct. 1386, 1386 (1962).

The *Snowden* court considered the implications of delay in filing amendments. The *Snowden* debtor filed an amendment to add her claim four months after receiving notice of the claim, and the court ultimately held that the bankruptcy court did not abuse its discretion in finding that the debtor had not manipulated the judicial process and not applying judicial estoppel. *Snowden*, 419 F.Supp.2d at 1372. However, the court noted that its holding

> will not prevent courts from applying judicial estoppel based on a lengthy delay in amending their bankruptcy filings. Because the Supreme Court and the Eleventh Circuit have both clearly stated that courts must consider all factors in applying judicial estoppel, *see New Hampshire*, 532 U.S. at 751, 121 S.Ct. 1808; *Burnes*, 291 F.3d at 1286, this court has no doubts that other courts faced with a plaintiff who failed to amend a bankruptcy schedule for years and standing to gain a windfall at the expense of the plaintiff's creditors would not hesitate to apply judicial estoppel.

*Snowden*, 419 F.Supp.2d at 1372.

Philon waited approximately eighteen months before filing the amendments to her schedules to include the state court action, and filed the amendment only after the Plaintiffs' counsel discovered that she had filed a chapter 13 petition. Her testimony that she was never informed that she had a duty to amend her schedules was not credible. The Court finds that Philon's delay of eighteen months before filing amendments to her bankruptcy petition to include the state court claim indicates an intent to make a mockery of the judicial process by taking

10

inconsistent positions in the state court and the bankruptcy court. Although Philon did not have notice of the claim when she filed her chapter 13 petition, she learned of the claim within two to three months of filing her petition. Philon's counsel stated that nothing occurred in her bankruptcy case to alert her to file an amendment; however, the debtor should not require an invitation to amend her schedules to include newly discovered assets. As noted above, debtors have a continuing duty to amend their bankruptcy petition to update their financial position. Under the facts in this case, to not apply the doctrine of judicial estoppel would effectively render the debtor's duty to amend her schedules meaningless. Even if Philon's attorney did not specifically instruct her about the duty to report newly discovered assets, a reasonable person could assume that there is a duty to inform the court if the debtor has more assets from which creditors can be paid. Further, although she amended her schedules, Philon did not undertake to amend her plan to include any proceeds from the lawsuit and increase the percentage to be paid to her creditors in the event she was successful. This evidences her intent to keep the proceeds for her own benefit.

The timing of Philon's amendment is also a factor in her intent to withhold information from the court. She made no move to update her financial information until the Plaintiffs learned that she filed a chapter 13 petition. The timing leads the Court to wonder whether the amendment would have been made at all if Philon had not expected that the Plaintiffs would inform this Court of the asset.

Based on the foregoing, the Court finds that Plaintiff's request for declaratory judgment and injunctive relief should be granted, and Philon's state court action should be barred under the doctrine of judicial estoppel. There was no evidence presented as to waiver, therefore, the Court

11

will deny the relief based on waiver.

The Plaintiffs also filed a motion to strike Philon's amendments to schedule B and C and an objection to lawsuit exemption in Philon's administrative case on February 15, 2006. The Court consolidated the motion to strike and the objection with this adversary proceeding on March 20, 2006. The Court finds that Philon should be allowed to amend her schedules and claim the state court action as exempt limited to the amount stated in the amendment, but only for purposes of correcting her schedules. All amounts over the stated and/or statutory limits shall be deemed property of the estate under 11 U.S.C. §541. In any case, the amendments shall not affect the Court's ruling on the application of judicial estoppel. It is hereby

**ORDERED** that the Plaintiff's request for declaratory judgment and injunctive relief is **GRANTED** and Philon is enjoined from pursuing the state court action styled *Charolette Philon v. American Medical Security, Inc. et al.*, CV-04-123 now pending in the Circuit Court of Choctaw County, Alabama under the doctrine of judicial estoppel; and relief sought on the grounds of waiver is **DENIED**; and it is further

**ORDERED** that the Plaintiffs' motion to strike Philon's amendments to schedule B and C filed on February 15, 2006 is **DENIED** and the Plaintiffs' objection to Philon's claim to exemption is **OVERRULED** and Philon's exemption is limited to the amount stated in the amendment. All amounts over the stated and/or statutory limits are deemed to be property of the estate under 11 U.S.C. §541. The amendments shall not affect the Court's ruling on the application of judicial estoppel, and are only for purposes of correcting the Debtor's schedules.

Dated: September 7, 2006

*William S. Shulman*
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

13